UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SANTIAGO ROBLES,<br>      Petitioner,<br><br>v.<br><br>SUPERINTENDENT JAMEY LUTHER, THE DISTRICT ATTORNEY OF THE COUNTY OF BERKS, and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA,<br>      Respondents. | No. 18-cv-3267 |

# O R D E R

**AND NOW**, this 26th day of September, 2019, after de novo review of Petitioner Santiago Robles's petition for writ of habeas corpus, ECF No. 1; the response to the petition and the state court record, ECF No. 15; the Report and Recommendation ("R&R") of Magistrate Judge Linda K. Caracappa, ECF No. 16; and Robles's objections to the R&R, ECF No. 21, and for the reasons set forth in the R&R, **IT IS HEREBY ORDERED THAT**:

    1.    The Report and Recommendation, ECF No. 16, is **APPROVED and ADOPTED**;[1]

    2.    The objections, ECF No. 21, to the Report and Recommendation are **OVERRULED**;[2]

---

[1] When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984) ("providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process"). "District Courts, however, are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b)." *Hill v. Barnacle*, 655 F. App'x. 142, 147 (3d Cir. 2016). The district "court may accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report. 28 U.S.C. § 636(b)(1)(C).

[2] In his objections, Robles's sole issue is his ineffective assistance of counsel claim regarding his claims for self-defense and involuntary intoxication. However, after de novo review, Robles presents nothing new to this Court, he merely restates the issues he presented in his petition. Magistrate Judge Caracappa thoroughly analyzed Robles's claim for ineffective

3. The petition for writ of habeas corpus, ECF No. 1, is **DISMISSED with prejudice**;

4. There is no basis for the issuance of a certificate of appealability; and

5. The case is **CLOSED**.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

assistance of counsel at trial. In this instance, and as noted in the Report and Recommendation, Robles is confused regarding the law. *See* Pa.C.S.A. § 308 (stating evidence of intoxication may not be introduced to negate the element of intent of the offense, except . . . whenever it is relevant to reduce murder from a higher degree to a lower degree of murder); *see also Commonwealth v. Pitts*, 404 A.2d 1305, 1308 (Pa. 1979) (stating murder of the third degree does not require a specific intent to kill). A jury convicted Robles of the lowest degree of murder, third-degree murder. Thus, Robles's claim his counsel should have introduced a defense of involuntary manslaughter is nonsensical in light of Pa.C.S.A. § 308 and *Pitts* as this defense would not have lowered his culpability as he suggests.